IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CAROLINE TULLIE, on her own behalf,
as administrator of the estate of NELSON TULLIE,
and on behalf of all others similarly situated,

Plaintiff,

v. CIV 14-0670 MV/KBM

T & R MARKET, INC.,

Defendant.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER comes before the Court on Plaintiff's Opposed Motion to Amend Complaint (*Doc. 33*) filed February, 12, 2015, and fully briefed March 13, 2015. The Honorable Judge Martha Vasquez referred this motion to me to conduct hearings, if warranted, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the motion to amend. *Doc. 56*. Having carefully reviewed the parties' submissions, the Court recommends that the motion be granted.

Plaintiff's original Complaint (*Doc. 1*), filed on July 25, 2014, brought class action claims against Defendant T&R Market for violations of the Truth in Lending Act, 15 U.S.C. § 1601 et seq., the New Mexico Pawnbrokers Act, NMSA 1978 § 56-12-1 et seq., and the New Mexico Uniform Commercial Code, NMSA 1978 §§ 57-12-1 et seq. Plaintiff alleged unlawful charges and inadequate disclosures on the face of Defendant's pawn loan contracts and that Defendant unlawfully disposed of the collateral when the pawn loans went into default.

During the course of discovery, Defendant disclosed that they dispose of the

collateral property in monthly auctions. Plaintiff contends the auctions are unlawful and seeks to amend her compliant to incorporate specific facts with regard to the so-called "sham auctions."

After a responsive pleading has been served, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Whether to grant leave to amend the pleadings falls within the discretion of the trial court and should be "freely given" absent a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure defects by previously allowed amendments, or when the amendment is futile. *Gerald v. Locksley*, 849 F. Supp. 2d 1190, 1208 (D.N.M. 2011) (citations omitted). The Tenth Circuit Court of Appeals has instructed that the district courts should grant leave to amend when doing so would yield a meritorious claim. *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir.2001). A scheduling order may be modified for good cause shown and the court's consent. Fed. R. Civ. P. 16(b)(4).

Defendant opposes the amendment and argues that Plaintiff's complaint is untimely because it was filed after the Court's scheduling order deadline of December 5, 2014, and Plaintiff was aware of the details of Defendant's auction process since October of 2014, prior to the deadline. *Doc. 41* at 3. Defendant further contends it will be prejudiced because Plaintiff is making her complaint a "moving target" by the addition of new theories of recovery. *Id*. Plaintiff counters that while she knew that T&R was selling the pawn collateral, she was unaware of the alleged "sham auctions," until January of 2015, when Defendants served its responses to written discovery requests. *Doc. 53* at 2. Moreover, Plaintiff explains that she is not alleging a new claim but is simply adding an

additional basis for Plaintiff's original claims of violations of New Mexico law. *Id*. at 3.

Plaintiff's motion is timely. The information that led to the motion to amend was not revealed by Defendant until January of 2015. There is no evidence Plaintiff unduly delayed the process or was dilatory in their efforts. Plaintiff established good cause to allow the amendment and Defendant does not argue its futility. Further, Defendant will not suffer any prejudice as it has always been aware that Plaintiff was claiming damages based on the disposition of pawn collateral although she was initially unaware of the mechanism by which the sales were made. Finally, as the Court has recently extended the scheduling order deadlines, including the discovery deadline, all parties will have time to incorporate the amendments into their case strategies.

Wherefore,

The Court recommends that Plaintiff's Motion to Amend her Complaint (*Doc. 33*) be **granted**.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

Karen B Molzen

UNITED STATES CHIEF MAGISTRATE JUDGE