IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CAROLINE TULLIE, on her own behalf,
as administrator of the estate of NELSON TULLIE,
and on behalf of all others similarly situated,

       Plaintiff,

v.                                                                          1:14-cv-00670-KBM-GJF

T & R MARKET, INC.,

       Defendant.

## FINAL ORDER

THIS MATTER came before the Court on Plaintiff's Unopposed Motion for Final Approval of Settlement Agreement, and Application for Attorney's Fees and Costs and Class Representative's Service Award [Doc. 145].  A Fairness Hearing was held on August 29, 2016 to consider this matter.  Plaintiff Caroline Tullie appeared, along with her attorneys Nicholas Mattison and Richard Feferman.  Defendant T&R Market, Inc., appeared through Shannon Tanner, along with Defendant's counsel Patrick Mason.  No objectors filed objections with the Court or appeared at the hearing.  At the hearing, the Court addressed questions to and heard from counsel for both parties.

The Court being fully advised, having reviewed the proposed Settlement Agreement, and finding that the Settlement Agreement is fair, just and reasonable, FINDS AND ORDERS:

1. On March 11, 2016, the Court granted preliminary approval to the proposed Settlement Agreement and directed that Court-approved Notice be sent to class members. [Doc. 119]

2. On June 24, 2016, the Notice was sent to members of the classes, which advised them of

the Settlement Agreement and notified them of the date of the Fairness Hearing.

3. The Court is informed of the extensive procedures that the parties went through in order to prepare the mailing list and to verify the accuracy of that list. The Notice was sent by first class mail to 19,297 class members, following processing through the National Change of Address database. Approximately 1,975 envelopes were returned by the United States Postal Service. Plaintiff used a skip tracing service to find updated addresses, resulting in 1,190 of these returned letters being re-mailed (of which 341 were returned again). As a result, 18,177 of the 19,297 class members appear to have received notice and to be eligible to participate in settlement.

4. No persons have filed objections to the proposed settlement.

5. Only 14 persons have opted out of the settlement.

6. Plaintiff's counsel received correspondence from a handful of other persons, with their change of address or statements of heirs with copies of death certificates.

7. Notice was mailed under the Class Action Fairness Action May 23, 2016, to the Attorney General of the United States and the Attorneys General of Arizona and New Mexico. [Doc. 127] No Attorney General raised any objection to this settlement within the time set by law, and it is now appropriate to enter a Final Order.

8. The Court ratifies the findings in the Order Granting Preliminary Approval that this action is best maintainable as a class action, that Plaintiff Caroline Tullie is a suitable class representative, and that Nicholas Mattison and Richard Feferman (Feferman & Warren) and Charles Delbaum (National Consumer Law Center) are appropriate class counsel.

9. The two classes are as follows:

    a. The Pawn Ticket Class consists of all persons who, starting two years prior to the filing of this lawsuit, took out a pawn loan from T&R Market.

    b. The Sale Class consists of all persons who borrowed money through a pawn loan that went into default and in which, starting four years prior to the filing of this lawsuit, T&R sent the borrower its form notice of intent to dispose of collateral and/or sold the collateral.

10. The Court finds that the Settlement Agreement is fair, reasonable, and adequate to the classes, and hereby approves the Settlement Agreement. The Court further finds that the settlement is made in good faith, and was negotiated at arms-length following extensive, hotly contested litigation.

11. The Court finds that the Settlement Agreement is in the best interests of Plaintiff, the class, and Defendant. The Court specifically observes that settling this case permits Defendant T&R Market, Inc. to remain in business. T&R Market plays a role in providing the Native American community with the equivalent of banking services that might otherwise not be available. The Court appreciates T&R Market's efforts to review its practices in light of the legal claims raised against it.

12. The Court finds that Plaintiff's request for an award of attorney's fees in the amount of $120,000 is fair and reasonable. Plaintiff is the prevailing party. $120,000 represents 17% of the common fund of $725,000. The Court finds that the percentage of the fund method is appropriate to calculate the award of attorney fees in this case, *Gottlieb v. Barry*, 43 F.3d 474, 483 (10th Cir. 1994), and that 17% is a modest award under the standards recognized in the Tenth Circuit in such cases, *Lane v. Page*, 862 F. Supp. 2d

1182, 1256 (D.N.M. 2012). Moreover, the factors set forth in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir.1974) support the requested award:

   a. This case involved considerable time and labor, including more than 400 hours of attorney time by Plaintiff's attorneys during the two years that this case has been pending;

   b. The questions presented by this case were novel and difficult, including complex issues of law and fact;

   c. Plaintiff's counsel demonstrated considerable skill and expertise in litigating this case. Mr. Feferman and Mr. Mattison are highly capable practitioners of consumer law in New Mexico. Mr. Delbaum is an experienced and skilled attorney from the nation's leading consumer law organization, the National Consumer Law Center;

   d. Litigating a case of this magnitude necessarily involved foregoing other employment;

   e. The requested fee is modest relative to the customary fee in this type of case;

   f. Plaintiff's counsel took this case on a contingency fee basis. They received no payment for more than two years and faced the risk of no recovery whatsoever;

   g. This was not a desirable case, given its complexity, uncertainty, and the geographic remoteness of the parties; and

   h. Plaintiff achieved a very substantial recovery for the classes.

13. The Court finds that Plaintiff's request for costs and other out-of-pocket expenses in the amount of up to $53,000 is fair and reasonable.

14. The Court finds a service award of $6,000 is appropriate for Caroline Tullie, based on her extensive involvement in this case.  This includes multiple 400-mile round trip visits to Albuquerque, appearance for a deposition, and intimate involvement in the settlement process.  Ms. Tullie's time commitment was dramatically greater than it would have been had this case been brought as an individual action, and her efforts resulted in a substantial common fund for the classes.

15. The parties are directed to implement the Settlement Agreement in accordance with its terms.

16. The release in this case is conditioned upon the payment by Defendant set forth in the Settlement Agreement.

17. The Court retains jurisdiction over the interpretation, enforcement and implementation of both the Settlement Agreement and this Order.

                                                    Honorable Karen B. Molzen
                                                    Presiding by Consent

Approved:

*/s/Nicholas Mattison*
Nicholas Mattison
Richard N. Feferman
Feferman & Warren, attorneys for Plaintiff
300 Central Ave., SW, Suite 2000 West
Albuquerque, NM 87102
(505) 243-7773

Charles Delbaum
National Consumer Law Center, Inc., attorneys for Plaintiff
7 Winthrop Square, 4th floor
Boston, MA 02110
(617) 542-8010

*/s/Patrick Mason*
Patrick Mason
Mason & Isaacson
P.O. Box 1772
Gallup, NM 87305
(505) 722-4463 phone